## Commonwealth v. Myers (No. 2)

*Frederick D. Lingle, District Attorney,* for Commonwealth,
*Charles Rosamilia,* for defendant.

BROWN, *P.J.*, August 12, 1980—On February 10, 1979 at approximately 3:30 a.m. Trooper Richard Forshey and Trooper George Henning of the Pennsylvania State Police were operating a radar speed device on Hogan Boulevard in Bald Eagle Township, Clinton County, Pa. At that time an orange pickup truck with dealer's tags passed the unit at a speed of 66 miles per hour. The vehicle's operator ignored Trooper Forshey's attempts to stop him. Both troopers then pursued the vehicle which resulted in a chase reaching speeds of up to 100 miles per hour. The pickup truck was pursued for some six to eight miles into the Borough of Beech Creek when the troopers lost the vehicle at the end of Wynn Avenue. Neither officer was able to identify the operator of the pickup.

Trooper Forshey was aware that the vehicle was regularly parked at a garage operated by defendant's father, and the troopers went to that garage

site and waited to see if the vehicle would show up there. It did not and eventually they found the vehicle parked in a private drive in the Borough of Beech Creek. At that time they called defendant's father, Malcolm Myers, Sr., to see if he would tow the vehicle from the drive. At the time he was called, Mr. Myers was not aware that the vehicle which was to be towed belonged to him and he agreed to come and retrieve it. Mr. Myers and his son, defendant, then proceeded to the site where the pickup was parked.

Upon their arrival, defendant was questioned by the troopers as to whether he had been previously driving the vehicle and was asked for his operator's license. Initially, he denied being the operator. Mr. Myers, Sr. upon being questioned by the police indicated that the vehicle could have been stolen. He was then instructed by the Pennsylvania State Police to tow the vehicle to the State Police barracks for a fingerprint dusting. Mr. Myers, Sr. refused to do this and a non-physical altercation of sorts occurred between him and the troopers over what to do with the vehicle. Mr. Myers, Sr. then hooked his wrecker to the vehicle but was not granted access to the inside of the pickup by the police who were insistent that it be towed to the police barracks. Mr. Myers, Sr. instead towed it to his garage.

While this incident was going on with defendant's father, defendant acknowledged to the police that he had, in fact, been driving the vehicle earlier. After the vehicle was returned to the Myers' garage, defendant was advised of his Miranda rights by Trooper Forshey and he signed a statement indicating that he had been operating the vehicle during the police chase. This statement was reduced to writing by Trooper Forshey and signed by defendant at approximately 5:40 a.m.

The initial citation in these proceedings was filed before the district justice on February 12, 1979, and, for some reason not known to the court, the matter was not scheduled for a hearing until September 27, 1979. The matter was then appealed without a hearing before the district justice to this court and by memorandum and order dated April 9, 1980 the court declined to rule upon defendant's petition to dismiss the charges for failure to have a speedy hearing or trial. That ruling was based upon the fact that the court lacked jurisdiction because the magistrate had not disposed of the case. Since that time a hearing has been held at the district justice level and a verdict of guilty has been rendered on the charges against defendant and he is again pursuing the question of a speedy trial.

## DISCUSSION AND CONCLUSIONS OF LAW

Defendant has raised two issues up to this point. Initially, he wishes to suppress the oral statement that he made to the troopers and the subsequent written statement which he signed. Secondly, he is continuing to pursue the speedy trial claim.

With regard to the evidentiary issue, the court notes that the matter has proceeded as though it were a suppression hearing. This procedure is obviously incorrect under existing rules. Pa.R.Crim.P. 323 by its express terms provides for a formal suppression hearing only in court cases, which intent is further manifested by the provision that any motion for a suppression hearing shall be made only after a case has been returned to court. The only cases which are returned to court are misdemeanors and felonies and the concept of a formal suppression hearing for a summary offense is not provided for in existing rules. Accordingly, while the court will dispose of the evidentiary issue in

question, in the future such issues will simply be decided during the course of any summary conviction appeal hearing.

With regard to the suppression issue, the Commonwealth argues that the initial statement was not obtained in a custodial situation and therefore Miranda rights would not need to be administered to defendant prior to questioning. The Commonwealth has also argued that in any event since this is a summary conviction appeal, defendant has no entitlement under the Constitution to be administered Miranda warnings. In support of this latter proposition the case of Com. v. Burrall,1 D & C. 3d 367 (1976), has been cited. After reviewing Burrall, the court notes that there is no appellate authority for the proposition that Miranda warnings are not required when an investigation involves a summary offense. Therefore, a ruling to that effect will not be made.

However, the argument that defendant was not being subjected to custodial interrogation does have merit, and the issue raised by defendant can be disposed of on this basis. In this regard, it should be noted that defendant arrived at the scene on his own accord and while he was questioned as to whether he was the operator of the pickup at the time of the violation, there is no evidence to indicate that he was being held in any kind of custody or that he was not free to leave the scene if he so desired. Therefore, his statement to the effect that he was driving the vehicle, even though given at a time in which his father and the police were engaged in an altercation over what to do with the vehicle, would be admissible against him. The subsequent written statement was gained after he had been advised of his Miranda rights and the issue of

whether he was the subject of a custodial interrogation at that time is therefore not germane.

With regard to defendant's speedy trial claim, defendant is again arguing to the court that the provisions of Pa.R.Crim.P. 1100 require that these charges be dismissed because of the failure to have a hearing before a district justice of the peace within 180 days of the filing of the citation. As per an earlier discussion by the court at No. 70-80 (Criminal Division), the court reiterates its position that Pa.R.Crim.P. 1100 applies only to court cases and not to summary offenses.

Thus, if defendant is entitled to have the charges dismissed because of any delay in the proceedings at the district justice level, it must be on considerations other than the aforesaid rule of criminal procedure. The initial delay in bringing the case to a hearing before the district justice appears to have been a little over seven months. No evidence has been presented to indicate that defendant suffered any prejudice as a result of this delay, and upon considering the nature of the evidence presented, it does not appear that any witnesses or potential witnesses were unable to testify as a result of the delay. Accordingly, the court would find no basis for dismissing the case on the theory that defendant was denied his right to a speedy hearing in the matter.

## ORDER

And now, August 12, 1980, based upon the foregoing memorandum, it is hereby ordered that defendant's request to suppress his oral and written statements made to the Pennsylvania State Police during the morning hours of February 10, 1979 be dismissed and the requested relief denied and it is

428

further ordered that defendant's request to have these proceedings dismissed because of his denial of a speedy trial is likewise dismissed and the requested relief denied.

It is further ordered that the court administrator schedule a second hearing in this matter at which time a summary conviction appeal hearing will be conducted.